DECISION
This matter came before the full Court for Oral Argument on Saturday, October 20, 2012. The matter was heard before Associate Justice Todd R. Matha, Associate Justice Dennis Funmaker and Chief Justice Mary Jo Hunter. The Notice of Appeal was filed by Mr. Lewis on July 16, 2012. The Appellant’s Brief was filed on August 15, 2012. The Appellee’s Reply Brief was filed on September 14, 2012 and the Appellant’s Response Brief was filed on September 25, 2012. The record is complete and this Court issues this decision affirming the lower court order.
The standard of review in this matter is whether the Trial Court abused its discretion by granting full faith and credit to a foreign court judgment and releasing the remaining Incompetent Trust Fund (ITF) monies of the Decedent Member, E.K.B., to the administrator, Sidney Lewis. Mr. Lewis appealed the May 17, 2012 Order Releasing Incompetent’s Trust Fund to Estate issued by the Trial Court.
The issue presented to this Court was:
Whether the Trial Court can interpret the Per Capita Distribution Ordinance 2 HCC Sec. 12 to require that the family *432 of a deceased tribal member avail themselves of a foreign court’s probate system in order to distribute an incompetent tribal member’s trust funds when the Per Capita Distribution Ordinance is silent on how funds left in these accounts should be handled upon death.
STATEMENT OF FACTS
On June 17, 2008, the Appellant Sidney Lewis was appointed as Guardian of the Person and the Estate of Ervin Kenneth Buker, who was found incompetent and in need of protective placement. Mr. Buker’s per capita payments were held in trust by the Ho-Chunk Nation Office of Tribal Enrollment pursuant to 2 HCC Sec. 12.8 from June 17, 2008 until his death on March 3, 2011. The total funds held were approximately $34,000.00.
Prior to his death, Mr. Buker’s Guardian, Sidney Lewis, enrolled him in a Medicaid waiver program offered by Clark County for his medical care and housing at the Clark County Health Care Center. The Wisconsin Department of Health Services provided notice to the Appellant that any property passing through probate in the Wisconsin State Courts would be subject to a claim by the State for estate recovery to recoup the costs of care for Mr. Buker.
On March 15, 2011, Appellant Lewis filed a Petition for Special Administration of an Estate in Clark County, Wisconsin to expedite the release of the Decedent’s Per Capita Trust Funds. Mr. Lewis was appointed as the Special Administrator of the Estate.
On April 18, 2012, Appellant Lewis filed a Petition for the Release of Decedent’s Per Capita Distribution with the Ho-Chunk Nation Trial Court. The Ho-Chunk Nation Department of Justice filed an Answer and waived the fact finding hearing and requested that the Petition be granted.
On May 7, 2012, Appellant Lewis appeared before the Ho-Chunk Nation Traditional Court to request their direction as to how he should proceed to administer Mr. Buker’s estate according to Ho-Chunk tradition and customs. The Traditional Court issued a verbal consensus on that date which was later reduced to writing on July 16, 2012.
On May 16, 2012, Appellant Lewis filed a Letters of Special Administration (Formal Administration) with the Ho-Chunk Nation Trial Court. On May 17, 2012, the Trial Court entered a final order based upon the record. The Order released the Decedent’s funds to Appellant Lewis. On May 25, 2012, Appellant Lewis filed a Motion to Reconsider that order. The Appel-lee answered with a request that the motion be denied. The Trial Court issued the Order (Motion Denied) on June 1, 2012. Appellant Lewis appealed from the May 17, 2012 Trial Court’s Order to this Court.
DECISION
The Ho-Chunk Nation’s Legislature has not enacted a probate code under the authority that the legislative arm of government possesses under the Ho-Chunk Nation Constitution. The tribal judiciary must issue orders and act within the laws of the Nation that are available. This is an instance where tribal members are frustrated by the judicial orders that are appropriately within the realm of what may be addressed by the tribal court.
Appellant Lewis sought to have responsibility for the ITF monies of Mr. Buker. He wished to have the monies released from the Nation’s trust fund so that he could disburse the monies. To that end. Appellant Lewis learned that he had to become an administrator of Mr. Buker’s estate so that the funds could be released *433 to him. Mr. Lewis obtained such an order from the Clark County Court. As stated above, he filed that information with the Ho-Chunk Nation Trial Court. After filing that information with the Trial Court on April 18, 2012, Mr. Lewis sought the release of the Decedent’s funds. The Nation agreed to the request and asked the Court to grant the request. That request was granted on May 17, 2012.
Prior to the granting of the request by the Trial Court, Appellant Lewis approached a third tribunal, the Ho-Chunk Nation Traditional Court, and sought direction for how the estate should be administered in accordance with Ho-Chunk Nation tradition and customs. After obtaining that information, Appellant Lewis attempted to have the Trial Court reconsider the May 17, 2012 Order. The Trial Court correctly denied the reconsideration request.
Appellant Lewis belatedly decided that becoming a Special Administrator of the Estate triggered the attachment of the 1TF monies for reimbursement of the county funds that had been used for the Decedent’s care. Although this Court understands the reluctance of Mr. Lewis to have the monies seized, this Court also is unable to provide the remedy that is sought. Mr. Lewis should have made these determinations prior to having a Wisconsin Court establish him as the Special Administrator. His only recourse would have been to address the Ho-Chunk Nation Legislature and seek the enactment of a probate code that would allow the tribal judiciary to create a Special Administrator within the tribal jurisdiction. Without that ability, the Trial Court must rely on outside jurisdictions to establish the appointment of Special Administrators of estates. The Ho-Chunk Nation does not currently have the laws to afford the tribal court judge to appoint such an individual.
For the foregoing reasons, the Trial Court’s order is affirmed.
EGI HESKEKJET.